STATE of Missouri,
Plaintiff-Respondent,

v.

Dave N. GARDNER, a/k/a Clifford
Johnson, Defendant-Appellant.

No. 14063.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 4, 1985.

William L. Webster, Atty. Gen., Jennifer H. Fisher, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Mark V. Clark, Columbia, for defendant-appellant.

GREENE, Judge.

Defendant, Dave N. Gardner, a persistent offender by reason of prior felony convictions, after being jury-convicted of second degree burglary and stealing, was court-sentenced to concurrent five-year terms of imprisonment for each crime.

On appeal, Gardner alleges the trial court erred by admitting into evidence testimony of a police officer concerning a visual comparison he made of a "wavy pattern" in a shoe print found outside a basement window at the scene of the burglary with the pattern on Gardner's tennis shoes taken from him after his arrest. Gardner contends that since the officer did not preserve the footprint by photograph or plaster cast, he was denied the right to confront the police officer or refute his testimony concerning the shoe print, in violation of his constitutional rights.

Since the sufficiency of the evidence to sustain the convictions is not questioned, a brief statement of pertinent facts will suffice. Neal Hughes, of Neosho, Missouri, after returning home from his place of business, discovered that his home had been unlawfully entered and that a bank deposit bag containing approximately $170 had been stolen. The burglar had entered the Hughes home through a basement window which had been pried open, after removal of the window screen. Hughes called the police, who had knowledge that in other recent burglaries in the vicinity of the Hughes home, a tall, dark haired man had been seen jogging in the vicinity of the burglarized homes.

Approximately one-half block from the Hughes home, Officer Jackson, responding to the Hughes burglary call, observed Gardner running away from the direction of the Hughes home. Gardner is a tall man, and was wearing a hooded sweat shirt, tennis shoes, and jeans. Jackson pursued Gardner on foot but Gardner eluded him, and ran into a wooded area. Officers circled the area and captured Gardner a short time later. A search of Gardner disclosed a pair of gloves and a screwdriver in his back pocket.

Officer Clint Shine of the Neosho Police Department, in his investigation of the crime scene, found an outline of a footprint in the wet ground outside the basement window. The print showed a "wavy pattern" which Shine visually compared with the pattern on the sole of the tennis shoes taken from Gardner after his arrest. Shine considered the two patterns to be similar. Shine attempted to photograph the shoe print, but was unable to get a clear picture due to poor lighting conditions. The ground was too wet to attempt to make a plaster cast of the print. Shine also observed that pry marks on the window screen were similar in width to the screwdriver taken from Gardner's pocket. This observation was confirmed by laboratory analysis. After completing his investigation at the crime scene, Shine followed the trail Gardner left when he attempted to flee, and found the bank bag containing the stolen money hidden in a "niche" under a rock ledge which was on the route Gardner took in his escape attempt.

Shine is a trained police officer with experience in observing and identifying physical evidence. Even if Shine had not been an expert, he could have testified, that, in his opinion, the "wavy pattern" in the footprint was similar to the markings on the sole of Gardner's shoes, as such observation was a fact issue open to the sense of sight. *State v. Eaton*, 504 S.W.2d 12, 21 (Mo.1973). It was not a denial of constitutional due process to fail to exclude such testimony merely because no photograph or plaster cast was made of the footprint. Shine did not deliberately refuse to preserve the evidence, but was prevented from doing so by reason of poor lighting and the wet ground. No rule of law in Missouri calls for the exclusion of testimony concerning physical evidence where, in the absence of bad faith of its custodian in deliberately failing to preserve it, such evidence is not in existence at time of trial. *State v. Little*, 674 S.W.2d 541, 543 (Mo. banc 1984); *Hanson v. State*, 684 S.W.2d 337, 343–344 (Mo.App.1984).

Testimony as to what Shine saw with his own eyes did not deprive Gardner of his constitutional right of confrontation of witnesses, as he had the opportunity to, and did, cross-examine Shine concerning the footprint.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.